**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5833-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PAUL C. WILLIAMS,

     Defendant-Appellant.

_____

Submitted January 21, 2020 – Decided March 27, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 18-04.

Paul Williams, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Paul Williams, appeals pro se from an order denying his motion to file a municipal court appeal de novo as within time. Defendant contends that the refusal to consider an appeal of his municipal court convictions violates his equal protection and due process rights. We disagree and affirm the Law Division judge's order denying defendant's motion to file his untimely appeal nunc pro tunc.

I.

On October 30, 2017, defendant was issued motor vehicle summonses charging him with (1) delaying traffic, N.J.S.A. 39:4-56; (2) parking on a highway, N.J.S.A. 39:4-136; (3) failure to observe a traffic control device, N.J.S.A. 39:4-81, and (4) unsafe lane change, N.J.S.A. 39:4-88(b). The matter was tried in the Toms River Municipal Court on April 13, 2018. The municipal court judge found defendant guilty of delaying traffic and parking on the highway but acquitted defendant of the remaining two traffic offenses. The judge imposed fines of $56.00 on both convictions and also imposed costs of $33.00 on both offenses.

On May 7, 2018—four days after the time to appeal expired pursuant to Rule 3:23-2—defendant contacted the Toms River municipal court and requested a copy of a judgment of conviction. On May 9, 2018, he filed a motion

for leave to file an appeal to the Superior Court as within time. That motion was denied by a Law Division judge on June 7, 2018.

## II.

Defendant raises the following contention for our consideration:

> THE LAW DIVISION DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW, BY DENYING THE MOTION TO FILE APPEAL NUNC PRO TUNC.

Defendant's procedural and constitutional arguments lack sufficient merit to warrant extensive discussion in this opinion. R. 2:11-3(e)(2). Rule 3:23-2 provides that an appeal from a municipal court conviction must be filed within 20 days. The rule further provides that, "[o]n failure to comply with each of the foregoing requirements, that appeal shall be dismissed by the Superior Court, Law Division without further notice or hearing."

Defendant appears to have assumed incorrectly that a written judgment of conviction would be mailed to him. We appreciate that defendant appears before us pro se. Pro se litigants, however, must still follow the rules. See State v. Crisafi, 128 N.J. 499, 512 (1992) (noting that pro se defendants must "conduct their defense in accordance with the relevant rules of criminal procedure and evidence"). It is noteworthy that defendant did not make inquiries concerning the appeals process until after the filing deadline had already expired. We note

further that defendant has not established that he was misadvised by the municipal court judge as to the time within which an appeal must be filed.[1] Indeed, the record before us does not show what defendant was told with respect to his right to appeal because he has not provided us with a transcript of the municipal court proceeding. That failure provides an independent basis to reject his appeal under Rule 3:23-3.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant does not claim the municipal court judge improperly advised him of the process for filing an appeal, nor has he sought to obtain proofs to support such a claim. Notably, he has not supplied, or even ordered, transcripts of the municipal court proceedings as part of his appeal. In his brief, defendant simply states, "There does not appear to be any record currently at hand of the proceedings before the Municipal Court; particularly of what, if anything, the Court advised [defendant] regarding his right to appeal."